# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-394
Lower Tribunal No. 19-316-CFA

_____

RAFAEL GONZALEZ SANTIAGO,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Hendry County.
James D. Sloan, Judge.

March 15, 2024

WHITE, J.

Rafael Gonzalez Santiago appeals the judgment and sentence entered after he was found guilty on multiple counts.[1]  Santiago argues that the judgment does not

_____

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

correctly reflect the trial court's verdict[2] on Counts 1, 3 and 4, and the sentences on Counts 1 and 4 exceed the maximum permissible sentence. The State agrees.[3]

Therefore, we reverse the provisions of the judgment that designate: the crime on Counts 1 and 4; the offense statute number on Count 4; and the degree of crime on Counts 1, 3 and 4. On remand, the trial court shall correct the judgment to designate: the crime as sexual battery (2d degree) on Count 1, and robbery on Count 4; the offense statute number as 812.13(2)(c) on Count 4; and the degree of crime as second degree on Count 1, third degree on Count 3, and second degree on Count 4.

We also reverse the life sentences imposed on Counts 1 and 4. Because Santiago was properly designated as a Habitual Felony Offender, the maximum permissible sentence on each of those counts was 30 years.[4] *See* § 775.084(4)(a)2., Fla. Stat. (2019). Therefore, we remand for the trial court to resentence Santiago on Counts 1 and 4 as a Habitual Felony Offender.

Otherwise, we affirm the judgment and sentence without further discussion.

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

TRAVER, C.J., and STARGEL, J., concur.

---

[2] The parties agreed to a bench trial.

[3] The State also agreed in its response to Santiago's timely rule 3.800(b)(2) motion. That motion was deemed denied, however, because the trial court did not rule on it within 60 days. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

[4] The Criminal Punishment Code did not require a longer sentence on either count. *See State v. Gabriel*, 314 So. 3d 1243 (Fla. 2021).

Howard L. "Rex" Dimmig, II, Public Defender, and Rachel Page Roebuck, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Blain A. Goff, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED